

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS, TEXAS



| | |
|---|---|
| **SUNSHINE STORES, INC.,** <br> **RAMZAN ALI,** and <br> **MUNIRA RAMZAN ALI** <br><br> Plaintiffs <br><br> v. <br><br> **ERIC HOLDER**, U.S. Attorney General, <br> **JANET NAPOLITANO**, Secretary, <br> U.S. Department of <br> Homeland Security, <br> **MICHAEL AYTES**, Deputy Director, <br> U.S. Citizenship and Immigration Services, <br> and <br> **DAVID ROARK**, Director, <br> U.S. Citizenship and Immigration <br> Services, Texas Service Center <br> **MARK HAZUDA**, Acting Director <br> U.S. Citizenship and Immigration <br> Services, Vermont Service Center <br> Defendants | Case No. **3-09CV1352-G** |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY RELIEF

COMES NOW, SUNSHINE STORES, INC., RAMZAN ALI, AND MUNIRA RAMZAN ALI, Plaintiffs in the above-styled and numbered cause, and for cause of action would allege the following:

1

## INTRODUCTION

1. This action is brought to compel Defendants to lawfully adjudicate Form I-129 (H1-B - Petition for a Nonimmigrant Worker) and Form I-539 (B-2 - Application to Extend/Change Nonimmigrant Status) under which Plaintiff Munira Ramzan Ali is the beneficiary. Plaintiffs have a clear right to the relief requested; the Defendants have a clear duty to perform the act in question; and no other adequate remedy is available. The applications were filed with the United States Citizenship and Immigration Services (hereinafter "USCIS" or "the Service") and remain within the jurisdiction of the Defendants, who have unlawfully denied said applications to Plaintiffs' detriment.

2. Further, this action is brought seeking declaratory judgment against the Defendants on the basis that the USCIS, as a matter of law, unlawfully deprived the Plaintiff Sunshine Stores, Inc., of an employee; the Plaintiff Munira Ramzan Ali of employment; and Plaintiff Munira Ramzan Ali and Plaintiff Ramzan Ali the proper adjudication of Form I-539 and Form I-129 and, subsequently, Form I-485.

## PARTIES

3. Established in 1999, Plaintiff Sunshine Stores, Inc., is a Texas-based retailer with revenues grossing over $6,000,000 annually. Plaintiff Sunshine Stores,

Inc., has separate locations in cities throughout Texas, namely: San Augustine, Newton, Jasper, Nacogdoches, Brookland, and Pineland. Plaintiff Sunshine Stores, Inc., is headquartered in Brookland, Texas.

4. On June 10, 2004, Plaintiff Sunshine Stores, Inc., filed Form I-129 with the USCIS seeking to hire Plaintiff Munira Ramzan Ali on an H-1B as an accountant.

5. Plaintiff Ramzan Ali, a thirty-three year old native and citizen of India, is the husband of Plaintiff Munira Ramzan Ali. Plaintiff Ramzan Ali filed an application for a B-2 Visa that allowed his wife and him to enter the United States on October 12, 2003. On or about April 2, 2004, Plaintiff Ramzan Ali filed a Form I-539 (Application to Extend/Change Nonimmigrant Status) to extend the B status. On or about August 30, 2004, the USCIS denied the Form I-539 filed by Plaintiff Ramzan Ali. Plaintiff Ramzan Ali lives in Lafayette, Louisiana.

6. Plaintiff Munira Ramzan Ali is a thirty-three year old native and citizen of India. On October 12, 2003, she entered the United States on a visitor's visa with her husband, Plaintiff Ramzan Ali. She is the beneficiary of Form I-129 filed by Plaintiff Sunshine Stores, Inc., with the USCIS on June 10, 2004. She resides in Lafayette, Louisiana.

7. Defendant Eric Holder is Attorney General of the United States, and this

action is brought against him in his official capacity. Defendant Holder is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. See Homeland Security Act of 2002, Public Law 107-296. More specifically, the Attorney General is responsible for the adjudication of immigrant and nonimmigrant petitions filed pursuant to the Immigration and Nationality Act. The USCIS is an agency within the U.S. Department of Homeland Security to whom the Attorney General's authority has in part been delegated and is subject to the Attorney General's supervision.

8. Defendant Janet Napolitano is Secretary of the U.S. Department of Homeland Security, and this action is brought against her in her official capacity. Defendant Napolitano is generally charged with the enforcement of the Immigration and Nationality Act, as those duties have been delegated to her Department in accordance with the Homeland Security Act of 2002.

9. Defendant Michael Aytes is USCIS Deputy Director and is currently the highest ranking USCIS official, and this action is brought against him in his official capacity. Defendant Aytes is generally charged with supervising the execution of duties delegated to USCIS by the Attorney General and Secretary of the U.S. Department of Homeland Security.

10. Defendant David Roark, Director of the Texas Service Center, is a USCIS official who is generally charged with supervisory authority over all operations within the Service's Texas Service Center.

11. Defendant Mark Hazuda, Acting Director of the Vermont Service Center, is a USCIS official who is generally charged with supervisory authority over all operations with in the USCIS' Vermont Service Center.

## JURISDICTION

12. Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361. Relief is requested pursuant to said statutes.

13. Jurisdiction in this case is proper under 5 U.S.C. § 551 et seq., 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq. Relief is requested pursuant to said statutes. Jurisdiction is also conferred by 5 U.S.C. § 706. A district court reviewing agency action may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "or without observance of procedure required by law, 5 U.S.C. § 706(2)(D). "Agency action" includes in relevant part, "an agency rule, order, license, sanction, relief or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

14. The aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing declaratory judgment.

## VENUE

15. Venue is proper in this court, pursuant to 28 USC § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred. More specifically, the Plaintiffs' petitions were filed in and unlawfully denied by the USCIS Texas Service Center located in Dallas, Texas, which falls within this tribunal's jurisdiction.

## EXHAUSTION OF REMEDIES

16. Plaintiffs have exhausted their administrative remedies. On April 2, 2004, Plaintiff Ramzan Ali filed an extension application for the B-2. On August 30, 2004, the B-2 application was denied. On December 16, 2004, the USCIS erroneously denied the motion to reopen the I-539 application.

17. On June 10, 2004, Plaintiff Sunshine Stores, Inc., filed a Form I-129 for Plaintiff Munira Ramzan Ali. On September 1, 2004, the Service denied the Form I-129 petition on the basis that the proffered position was not that of a "specialty occupation."

18. On October 5, 2004, Plaintiff Sunshine Stores, Inc., filed Motions to Re-open the denial of the I-129 (H-1B) and H-4. On December 31, 2004, USCIS denied the motions. On December 23, 2004, Plaintiff Sunshine Stores, Inc., appealed the decision to the AAO. On July 27, 2006, the AAO denied the appeal. On August 29, 2006, Plaintiff Sunshine Stores, Inc., filed a motion to reopen the AAO decision. On November 17, 2006, the motion was denied. A request was made to reopen the case which was accepted and the AAO denied the motion on February 8, 2008. Another motion to re-open was denied on March 18, 2009.

## REMEDY SOUGHT

19. Plaintiffs seek to have the court to compel the Defendants to lawfully adjudicate the Form I-129 and Form I-539 under which Plaintiff Munira Ramzan Ali is the beneficiary. Although 28 U.S.C. § 1361 does not authorize injunctive relief, mandamus jurisdiction permits a flexible remedy. The same complaint may request declaratory, injunctive, and mandamus relief.

20. Furthermore, the Plaintiffs seek a judgment from the court to declare the actions of the USCIS unconstitutional or illegal due to their failure to comply with the applicable law. 28 U.S.C. § 2201.

## CAUSE OF ACTION

21. All legal prerequisites having been satisfied. On April 2, 2004, Plaintiff Ramzan Ali filed an extension application for the B-2. On June 10, 2004, Plaintiff Sunshine Stores, Inc. filed a petition for nonimmigrant worker (Form I-129) on behalf of Plaintiff Munira Ramzan Ali.

22. Plaintiffs are members of the distinct class of people within the zone of interest of Section 101(a)(15)(B) and Section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act.

23. Specifically, Plaintiff Ramzan Ali is a member of the class of aliens who are eligible to benefit from the filing of Form I-539. As such, Defendants owed a duty to Plaintiff Ramzan Ali to adjudicate the I-539 in accordance with the applicable statutes and regulations

24. Plaintiffs are members of the class of professional aliens, employers, and spouses who are eligible to benefit from a Form I-129. As such, Defendants owed a duty to Plaintiffs to adjudicate the I-129 petition in accordance with the applicable statutes and regulations.

25. In denying the I-539, the Defendant's erred as a matter of law. The denial of the request for extension of the B status because of the filing of a Form I-129 (H-1B) was erroneous as a matter of law because applications for H-1B allow dual intent. Under the dual intent doctrine, a nonimmigrant may have

both immigrant and nonimmigrant intent. Matter of H-R-, 7 I&N Dec. 651, 654 (R.C. 1958). The doctrine of dual intent is recognized by USCIS for H visa categories. 8 C.F.R. §§ 214.2(h)(16); Cable, DOS, 91-State-171115, ¶ 5 (May 24, 1991), reprinted in 68 No. 21 Interpreter Releases 681-84 (June 3, 1991) (finding by the Department of State that if the H-1 obtained a change of status, the fact that s/he "is the beneficiary of an application for preference status filed under section 204 or has otherwise sought permanent residence in the United States shall not constitute evidence of an intention to abandon a foreign residence for purposes of obtaining a visa as a nonimmigrant"; see also Cable, DOS, 92-State-193038 (June 17, 1992), reprinted in 69 No. 27 Interpreter Releases 872-73 (July 20, 1992) (stating that the Department of State has long recognized the concept of "dual intent").

26. When the USCIS denied the I-539, the USCIS erroneously imputed the intent of Plaintiff Sunshine Stores, Inc., upon Plaintiff Munira Ramzan Ali when the USCIS erroneously adjudicated the I-539 filed by Plaintiff Ramzan Ali. Plaintiff Sunshine Stores, Inc.—not Plaintiff Munira Ramzan Ali—filed the I-129.

27. The denial of the H-1B as a matter of law was an error because an accountant is a specialty occupation. A "specialty occupation" includes the

definition of professional. The Board has consistently found that the position of an accountant is a professional position with the statutory definition set forth at 8 C.F.R. § 214.2(h)(4)(ii); <u>Matter of Arjani</u>, 12 I&N Dec. 649 (R.C. 1967); <u>Matter of Doultsinos</u>, 12 I&N Dec. 153 (DD 1957). Whether the position is professional is unrelated to the size of the company or whether it has previously employed personnel in the position. <u>Young China Daily v. Chappell</u>, 742 F.Supp. 552 (N.D.Cal. 1989). An "accountant" by itself is a position which is characterized as a "specialty occupation" by the USCIS. According to the <u>H-1B Handbook</u>, 2009 Edition, by Austin T. Fragomen, Jr., Caren Shannon, and Daniel Montalvo, at § 3:12: Proof and supporting documentation concerning whether an accountant constitutes a "specialty occupation" need not be submitted.

28. Given the statutes, the regulations, and respected immigration treatises, Plaintiff Sunshine Stores, Inc., —a company that earns millions of dollars per year—requires an accountant. In support of the need for an accountant, Plaintiff Sunshine Stores, Inc., provided proof that the position of accountant was held previously by Richard Chamberlain, a CPA who performed this service for Plaintiff Sunshine Stores, Inc.

29. Defendants owe Plaintiff a duty to lawfully and judiciously adjudicate the Form I-539 and the Form I-129 in a manner that does not violate 5 U.S.C. §

706(2)(A). Defendants violated this statutory duty by erroneously denying Plaintiffs' Form I-539 and Form I-129 due to the misapplication of the applicably statutes and regulations. The actions of Defendants in this case are, as a matter of law, arbitrary, capricious, and not in accordance with law.

30. As a result of Defendants' arbitrary, capricious, and unlawful actions, the applicable statutes and regulations have not been implemented in this case and Plaintiffs have been unlawfully deprived of the opportunity to employ a needed candidate to work.

31. The actions of the Defendants seem particularly arbitrary, capricious, and unlawful given the following: On October 28, 2005, Plaintiff Sunshine Stores, Inc., filed an ETA Form 9089 (Application for Permanent Employment Certification) for Plaintiff Munira Ramzan Ali. On February 16, 2006, the U.S. Department of Labor Employment and Training Administration certified the Form ETA 9089. On July 10, 2006, Plaintiff Sunshine Stores, Inc., filed an I-140 pursuant to INA Section 203(b)(3)(A)(i) on behalf of the Plaintiff Munira Ramzan Ali. On February 26, 2007, the USCIS approved the I-140 filed by Plaintiff Sunshine Stores, Inc.. If Plaintiff Munira Ramzan Ali's qualifications are sufficient for the purpose of the labor certification and the I-140, why not for the I-129?

32. Plaintiffs have been greatly damaged by the failure of Defendants to act in

accordance with their ministerial duties under the law.

    (a)    Plaintiff Sunshine Stores, Inc., has been unlawfully deprived of the rights, benefits, and privileges associated with the employment of a capable and specifically qualified employee.

    (b)    Plaintiff Munira Ramzan Ali has been unlawfully deprived of the rights, benefits and privileges associated with lawful employment in the United States. She has been unlawfully deprived of the opportunity to pursue lawful employment in the United States and the ability to maintain lawful status in the United States.

    (c)    Plaintiff Ramzan Ali has been unlawfully deprived of the rights, benefits, and the privileges associated with the adjudication of his Form I-539 and, subsequently, his ability to maintain lawful status in the United States.

33. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., unlawfully denied Plaintiffs' petitions and have failed to properly carry out the adjudicative functions delegated to them by law with regard to the Plaintiffs' case.

## PRAYER

34. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and

that, upon due consideration, the Court enter an order:

(a)　declaring unlawful Defendants' erroneous adjudication of Plaintiff's I-539 petition and approve <u>nunc pro tunc</u> the B-2 status extension;

(b)　declaring unlawful Defendants' erroneous-adjudication of Plaintiff's I-129 petition and approve <u>nunc pro tunc</u> the H-1B status;

(c)　requiring Defendants to adjudicate Plaintiffs' petition for a nonimmigrant worker on the merits and based on the evidence properly and timely submitted;

(d)　requiring that the Defendant's hold in abeyance the adjudication of the I-485 pending the outcome of the present action;

(e)　awarding Plaintiffs reasonable attorney's fees and costs; and

(f)　granting such other relief at law and in equity as justice may require.

This 16th day of July, 2009.

Respectfully submitted,
**GEORGE R. WILLY, P.C.**

_____
Wendy A. Jerkins
Georgia Bar Number 311430
1200 Soldiers Field, Suite 100
Sugar Land, Texas 77479