**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SUNSHINE STORES, INC., et al.,<br>Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Case No: 3:09-CV-1352-G |
| ERIC H. HOLDER, Jr., et al.,<br>Defendants. | §<br>§<br>§ | |

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**AND SUPPORTING BRIEF**

---

Respectfully submitted,

/s/ George R. Willy
George R. Willy
Attorney for Plaintiffs
TX State Bar No: 21663900
immigration@grwpc.com
George R. Willy, P.C.
1200 Soldiers Field, Ste 100
Sugarland, TX
TEL: (281) 265-2522
FAX: (281) 265-2544

**TABLE OF CONTENTS**

Table of Authorities                    ……………………………                    ii-iii

I.      Introduction & Summary..……………………………………………... 1-2

II.     Response to Defendants' Alleged "Undisputed Facts" …………………… 2-4

III.    Legal Standard …………………………………………………………. 4

IV.     Statutory and Regulatory Background ……………………………………. 5-6

V.      Argument ……………………………………………………………….. 6-11

        1)  The Adjudication of an Immigration Benefit Application/Petition
            Requires a Two-Step Analysis – (1) Statutory Eligibility and
            (2) Exercise of Discretion ………………………………………….. 6-7
        2)  Plaintiffs Demonstrated Statutory Eligibility for the Requested Immigration Benefits.
            Defendants' Adverse Decision(s) Were Arbitrary, Capricious, and No in Accordance With
            the Law …………………………………………………………… 7- 9
        3)  Defendants' Failure to Properly Review Mr. Ali's Form(s) I-539
            Demonstrates Administrative Actions That Are Arbitrary, Capricious,
            and in Violation of Law …………………………………………… 9-11

VI.     Conclusion ……………………………………………………………… 11

**TABLE OF AUTHORITIES**

**Cases:**

*Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ……………………………… 4. 7

*Brown* v. *Napolitano*, 391 Fed. Appx. 346 (5th Cir. 2010) …………………………… 4. 6. 9

*Defensor* v. *Meissner*, 201 F.3d 384 (5th Cir. 2000) ……………………………….. 4

*Hasty* v. *Trans Atlas Boats. Inc.*, 389 F.3d 510 (5th Cir. 2004) ……………………… 4

*Holmberg* v. *Armbrecht*, 327 U.S. 392 (1946) ……………………………………….. 6

*Ogunfuye* v. *Acosta*, 210 Fed. Appx. 364 (5th Cir. 2006) ……………………………. 4

*Texas Oil & Gas Assoc.* v. *State Farm Mutual Auto Ins. Co..* 463 U.S. 29 (1983) ….. 4

*Matter of E-M-*, 20 I&N Dec. 77 (Comm. 1989) ……………………………………….. 5

*Matter of Michael Hertz Assoc.*, 19 I&N Dec. 558 (Comm. 1988) ………………….. 8

**Statutes & Regulations:**

Pub. L. No. 101-649, 104 Stat. 4978 ……………………………………………….. 5

5 U.S.C. § 701 ………………………………………………………………… 2,

5 U.S.C. § 706(2)(E) ……………………………………………………………… 9

8 U.S.C. § 1101(a)(15)(B) ………………………………………………..…… 2-3

8 U.S.C. § 1101(a)(15)(H) ……………………………………………………… 2

8 U.S.C. § 1101(a)(15)(H)(i)(b) …………………………………………………….. 2-3, 5, 8-9

8 U.S.C. § 1101(a)(15)(L) …………………………………………………….. 3

8 U.S.C. § 1103 ………………………………………………………………… 5

8 U.S.C. § 1184(c)(1) …………………………………………………………… 5

8 U.S.C. § 1184(i)(1) …………………………………………………………… 5

8 U.S.C. § 1227(a)(1)(C) ……………………………………………………… 10

ii

8C.F.R. 52.1 ……………………………………………………………….. 5

8 C.F.R. § 103.1(b) ……………………………………………………….. 5-6

8 C.F.R. § 103.2(b)(1) ……...…………………………………………… 10

8 C.F.R. § 103.2(b)(16) …....…………………………………………… 7, 10

8 C.F.R. § 214.1(a) ……………………………………………………… 10

8 C.F.R. § 214.2(h)(4)(ii) ……………………………………………… 9

8 C.F.R. § 214.2(h)(4)(iii)(A) …………………………………………… 5

Fed. R. Civ. P. 56  ……................................................................... 1

Fed. R. Civ. P. 56(b) …................................................................... 1

Fed. R. Civ. P. 56.4 …………………………………………………… 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SUNSHINE STORES, INC, et al.,               §
                    Plaintiffs,             §
                                            §
                                            §
v.                                          §        Case No: 3:09-CV-1352-G
                                            §
ERIC H. HOLDER, Jr, et al.                  §
                    Defendants.             §

---

PLAINTIFFS' RESPONE TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND SUPPORTING BRIEF

---

COME NOW Plaintiffs, Sunshine Stores, Inc. ("Sunshine"), Mr. Ramzan Ali
("Mr. Ali"), and Mrs. Munira Ramzan Ali ("Mrs. Ali") (collectively "Plaintiffs"), and
respectfully submit their Response to Defendants' Motion for Summary Judgment,
pursuant to Fed. R. Civ. P. 56 and Local Rule 56.4, and would respectfully show the
Court as follows:

## I.   Introduction and Summary.

On July 17, 2009, Plaintiffs filed suit, seeking judicial review of multiple adverse
decisions issued by Defendants, U.S. Department of Homeland Security ("DHS"), U.S.
Citizenship & Immigration Services ("USCIS"), regarding immigration benefit
petition(s), application(s), and motion(s).  Plaintiffs requested mandamus action and
declaratory relief.  On September 23, 2011, Defendants filed a Motion for Summary
Judgment, pursuant to Fed. R. Civ. P. 56(b), alleging the absence of any genuine issue of
material fact and requesting dismissal as a matter of law.

Plaintiffs' oppose summary judgment, asserting continuing disputed material
issues that warrant the Court's review.  Plaintiffs' action relates to Defendants'
administrative decisions denying Sunshine's Form I-129, Petition for Nonimmigrant
Worker ("Form I-129"), Mr. Ali's separate Form(s) I-539, Application to Change/Extend
Nonimmigrant Status ("Form I-539"), and related motions.  *See Administrative Record of*

*Proceedings (SRC017650073)* at 92-94, 104, 124-125, 129, 152-159, 164-171, 196-197, 199-201, and 265.  Pursuant to the *Administrative Procedures Act* ("APA"); 5 U.S.C. § 701 *et seq.,* Defendants' actions regarding the adjudication of these petition(s), application(s) and motion(s), were inconsistent with the relevant statute, regulations, and agency practices; therefore, resulting in actions that are arbitrary, capricious, and in violation of law.

Sunshine challenges the wrongful actions by Defendant, USCIS, in the adjudication of its Form I-129 and related motions, requesting temporary employment of Mrs. Ali, pursuant to the H-1B nonimmigrant worker program. 8 U.S.C. § 1101(a)(15)(H)(i)(b).  Additionally, Mr. Ali challenges the wrongful actions by Defendants, USCIS, in the adjudication of his Form I-539, requesting an extension of his admission pursuant to the nonimmigrant B-2 visitor program, and the adjudication of his Form I-539, requesting a change of status pursuant to the H-1B nonimmigrant program as his wife's derivative spouse.  8 U.S.C. §§ 1101(a)(15)(B); 1101(a)(15)(H).

Although Sunshine and Mr. Ali have fully complied with relevant statutory and regulatory requirements, the adjudication of their respective petition(s), application(s) and motion(s) have demonstrated egregious conduct on the part of Defendants, including multiple decisions that are erroneous as a matter of law, contrary to the evidence presented, lack persuasion, are contrary to statute/regulations, violate long-standing administrative agency policies, are arbitrary and capricious, and are not in accordance with relevant law.

## II.  Response to Defendants' Alleged "Undisputed Facts".

1.  Plaintiffs agree that the factual statements contained in paragraphs 1 through 8 are undisputed.

2.  Plaintiffs dispute the factual statements appearing in paragraph 9, to the extent Sunshine submitted a complete response to the Request for Evidence (RFE), including evidence establishing the statutory requirements for a Nonimmigrant H-1B petition.  (Admin. Rec. (SRC0417650073) at 2-27, 40-91, and 108-123)

3.  Plaintiffs dispute the factual statements appearing in paragraph 10, to the extent Mr. Ali provided sufficient evidence demonstrating his statutory eligibility for an

extension of his Nonimmigrant B2 status.  (Admin. Rec. (SRC0412853848) at 2-17, 37-42)

4. Plaintiffs dispute the factual statements appearing in paragraph 11, to the extent Sunshine submitted sufficient evidence demonstrating its statutory eligibility to petition for Mrs. Ali's Nonimmigrant H-1B status.  (Admin. Rec. (SRC0417650073) at 2-27, 40-91, and 108-123)

5. Plaintiffs dispute the factual statements appearing in paragraph 12, to the extent that the USCIS's decision failed to properly adjudicate the Form I-539, citing a complete erroneous section of law.  The evidence in the Administrative Record of Proceedings demonstrates the following undisputed facts:  The USCIS failed to properly adjudicate Mr. Ali's Form I-539, requesting an extension of his nonimmigrant status, pursuant to WA § 101(a)(15)(B); 8 U.S.C. § 1101(a)(15)(B).  Rather the USCIS's decision cites WA § 101(a)(15)(L); 8 U.S.C. § 1101(a)(15)(L), a section of law unrelated to Mr. Ali's request.  The USCIS failed to properly adjudicate the I-539.  (Id. at 96-103)

6. Plaintiffs dispute the factual statements appearing in paragraph 13, to the extent Sunshine submitted sufficient evidence demonstrating its statutory eligibility to petition for Mrs. Ali's Nonimmigrant H-1B status.  (Id. at 2-27, 40-91, and 108-123)

7. Plaintiffs agree that the factual statements contained in paragraphs 14 to 15 are undisputed.

8. Plaintiffs dispute the factual statements appearing in paragraph 16, to the extent Mr. Ali submitted sufficient evidence demonstrating his statutory eligibility. (SRC0412853848) at 2-17, 37-42)

9. Plaintiffs agree that the factual statements contained in paragraphs 17 to 22 are undisputed.

10. Plaintiffs dispute the factual statements appearing in paragraph 23, to the extent Sunshine submitted sufficient evidence demonstrating its statutory eligibility to petition for Mrs. Ali's nonimmigrant employment, pursuant to INA § 101(a)(15)(H)(i)(B); 8 U.S.C. § 1101(a)(15)(H)(i)(B).  (Admin. Rec. (SRC0417650073) at 2-27, 40-91, and 108-123)

11. Plaintiffs agree that the factual statements in paragraph 24 are undisputed

## III. Legal Standard.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also *Hasty* v. *Trans Atlas Boats, Inc.,* 389 F.3d 510, 512 (5th Cir. 2004). However, summary judgment is not warranted if the non-moving party demonstrates sufficient evidence establishing "that a reasonable jury could return a verdict for the nonmoving party". *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Although summary judgment requires the nonmovant to plead specific facts demonstrating a basis for trial, it is only proper when the record, viewed in the light most favorable to the nonmovant, demonstrates that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Ogunfuye* v. *Acosta,* 210 Fed. Appx. 364, 365 (5th Cir. 2006).

In administrative immigration proceedings, although Applicants/Petitioners bear the evidentiary burden of demonstrating statutory eligibility, this burden may be established by a preponderance of the evidence, an evidentiary standard that requires only that something is more likely than not. *Brown* v. *Napolitano,* 391 Fed. Appx. 346, 350 (5th Cir. 2010). In reviewing an administrative decision, the Court reviews the factual findings and analysis to determine whether substantial evidence in the record of proceedings supports the administrative finding. *Brown,* 346 F.3d 349-50.

"Under the Administrative Procedures Act, agency action is reviewed solely to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."*Defensor* v. *Meissner,* 201 F.3d 384, 386 (5th Cir. 2000) (Citing 5 U.S.C. § 706). "[I]f the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Texas Oil & Gas Association* v. *U.S. E.P.A.,* 161 F.3d 923, 933 (5th Cir. 1998) (Quoting *Motor Vehicle Manufacturers Association* v. *State Farm Mutual Auto Insurance Company,* 463 U.S. 29, 43 (1983)).

**IV. Statutory and Regulatory Background.**

Defendant, USCIS is the administrative agency of Defendant, DHS, delegated the authority to adjudicate applications for immigration benefits pursuant to the Immigration & Nationality Act ("INA") (Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978), including Form I-129 and Form I-539. See 8 U.S.C. § 1103; 8 U.S.C. § 1184(c)(1); 8 C.F.R. § 2.1; and 8 C.F.R. § 103.1(b).

The INA authorizes the temporary employment of a foreign worker in an H-1B nonimmigrant classification, if the prospective position is qualified as a "specialty occupation". 8 U.S.C. § 1101(a)(15)(H)(i)(b). The statute defines "specialty occupation" as having the following: (1) Theoretical and practical application of a body of highly specialized knowledge, and (2) Attainment of a Bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States. 8 U.S.C. § 1184(i)(1).

Furthermore, regulations implementing the statute provide general guidance for adjudication of a petition and for determining whether a prospective position qualifies as a "specialty occupation". Pursuant to 8 CFR § 214.2(h)(4)(iii)(A), to qualify as a "specialty occupation", the position must meet one of the following criteria:

1. A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

2. The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that is can be performed only by an individual with a degree;

3. The employer normally requires a degree or its equivalent for the position; or

4. The nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

The Executive Office for Immigration Review ("EOIR), Board of Immigration Appeals ("BIA"), in Matter *of E-M-*, 20 I&N Dec 77, 79-80 (Comm. 1989), explained that in an immigration matter, although the Petitioner bears the burden of demonstrating statutory eligibility, the requirement is that such burden be shown by a *preponderance* of

*the evidence* standard, requiring only that something is more likely than not.  This standard is the lowest legal standard, requiring only a demonstration of a 50% probability, as opposed to the higher standard, "beyond a reasonable doubt," requiring no reasonable doubt at all.  Where, as in Sunshine's petition, the evidence in the record favors, even at 51%, a finding that its prospective position requires the skills of a "specialty occupation" and that Mrs. Ali is qualified for the prospective position, the burden is satisfied.  Similarly, this standard applies to Mr. Ali's statutory eligibility for an extension of his nonimmigrant B-2 status and change of status to nonimmigrant H-4. The USCIS has broad discretion to consider the record of proceedings, including all evidence and information; however, must issue a decision that is reasonable and equitable, in a manner that is consistent with relevant legal authorities. *See Holmberg* v. *Armbrecht*, 327 U.S. 392, 397 (1946); *Brown,* 391 Fed. Appx. 349-50.

## V. Argument.

Plaintiffs contend that the USCIS's adjudication of Sunshine's Form I-129 and Mr. Ali's Form(s) I-539, and related motions violate the APA because the decisions are in violation of the INA, its implementing regulations and the agency's standard procedures. Defendants' Motion for Summary Judgment should therefore be denied.

1) **The Adjudication of An Immigration Benefit Application/Petition Requires a Two-step Analysis – (1) Statutory Eligibility and (2) Exercise of Discretion.**

Plaintiffs contend that the USCIS's administrative decisions, regarding Sunshine's and Mr. Ali's multiple immigration benefit applications and petitions, including Form(s) I-129 and Form(s) I-539, failed to comply with the INA, its implementing regulations and the agency's procedures. Complaint at ¶¶ 1-2, 19-20. Defendants' assert that a decision regarding Form I-129 and Form I-539 is at the discretion of the USCIS, and not subject to judicial review.  However, this assertion improperly characterizes the adjudication of an administrative benefit, pursuant to the INA and its implementing regulations.

An administrative agency is required to adjudicate benefits that are delegated to its authority; specifically the USCIS is generally delegated the authority to adjudicate affirmative immigration benefits.  8 C.F.R. § 103.1(b).  However, the adjudication of a benefit generally requires a two-step process. Initially, the agency will determine whether

the applicationlpetitioner is entitled to the benefit, pursuant to statute. This is the standard practice of the USCIS. *USCIS Adjudicator's Field Manual* 10.3; 10.15.' Thereafter, the second step requires that the administrative agency determine whether the benefit should be favorably adjudicated as a matter of discretion. 8 C.F.R. § 103.2(b)(16).

Although Plaintiffs fully complied with the statutory and regulatory requirements, respective to their specific Form I-129 and Form(s) I-539, the USCIS repeatedly erred in its statutory interpretation their respective eligibility. Defendants fail to reference any decision that was issued in the discretionary authority of the USCIS. The adverse decisions issued by the USCIS are erroneous as a matter of law, contrary to the evidence presented, lack persuasion, are contrary to the statute/regulations, violate long-standing administrative agency policies, are arbitrary and capricious, are not in accordance with relevant law, and contravene Plaintiffs' legal rights. Plaintiffs dispute the USCIS's statutory determinations regarding Sunshine's Form I-129 and Mr. Ali's Form(s) I-539. The Administrative Record of Proceedings demonstrates the likelihood that a reasonable fact trier would find in favor of Plaintiffs.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."*Anderson,* 477 U.S. at 248. The non-movant must demonstrate specific facts showing a genuine issue disputed. In the present matter, Sunshine asserts that the USCIS's decision regarding its Form I-129 and related motions is not consistent with the statute and implementing regulations. Similarly, Mr. Ali disputes the USCIS's decisions finding him ineligible for a change of status and extension of status

2) **Plaintiffs Demonstrated Statutory Eligibility for the Requested Immigration Benefits. Defendants' Adverse Decision(s) Were Arbitrary, Capricious, and No in Accordance With the Law.**

Plaintiffs contend that Defendants adjudication of their respective immigration benefit petition(s)/application(s) violates the APA because the decision(s) is arbitrary and capricious; therefore, in violation of law. In the present matter, Sunshine has

---

[1] The USCIS Adjudicator's Field Manual is publicly available at
http://www.uscis.gov/portal/site/uscis/menuitem.f6da51a2342135be7e9d7a10e0dc91a0/?CH=afm&vgnext
channel=fa7e539dc4bed010VgnVCM1000000ecd190aRCRD&vgnextoid=fa7e539dc4bed010VgnVCM1000
000ecd190aRCRD.

demonstrated that Mrs. Ali's prospective position qualifies as an "Accountant", a qualified H-1B position, pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b). The prospective position requires, for the performance of the listed job duties and requirements, a minimum of a Bachelor's degree in Accounting. *See* Administrative Record of Proceedings (SRC 041750073) at 4-6 and11-14.

In the present case, Sunshine demonstrated that the prospective position qualifies as an H-1B position, citing references to the specific job requirements and the necessity for a candidate with advanced academic and professional skills. *Id.* at 11-4. Sunshine seeks to employ Mrs. Ali *Accountant,* requiring at minimum a Bachelor's degree for the position. The USCIS has consistently rejected consideration of the job title to determine a position's statutory qualification. *See Matter of Michael Hertz Associates,* 19 I&N Dec 558 (Comm. 1988) (Holding that consideration of a non-immigrant petition requires analysis of the actual requirements specified by the petitioner, and those required by the specific industry.) The USCIS will review the duties and educational requirements of a position to determine statutory eligibility.

Regularly, the USCIS will turn to the U.S. Department of Labor's ("DOL"), *Occupational Outlook Handbook* ("Handbook") to determine the general duties and educational requirements of a particular occupation, as relates to a specific industry. The Handbook provides general descriptions of an occupation, and can provide some general guidance regarding the type of position and the minimum academic credentials of qualified candidates.

In the present matter, Sunshine expressed an interest in expanding its business operations; therefore, requiring the additional services of an in-house *Accountant. Id.* at 108-113. In furtherance of this prospective position, Sunshine defined the position's duties and responsibilities. *Id.* at 11-14. Comparable to Sunshine's prospective position, requiring the referenced duties, the Handbook's description for a "Accountant" {SOC Code – 13-2010) provides similar job duties that may be used to determine the minimum academic credentials for this prospective position. *Id.* at 65-76. For example, similar to Sunshine's *Accountant,* the Handbook requires a Bachelor's Degree in Accounting or a related field. The importance of a qualified employee with advanced accounting skills is essential to Sunshine's ongoing business and profitability; therefore, clearly

demonstrating the importance of the position and a need for a candidate with the knowledge of a "specialty occupation".

The USCIS in its decision denying the Form I-129 failed to provide a reasonable basis for its adverse eligibility finding, giving improper weight to the evidence. *Id.* at 92-94. Sunshine provided significant evidence demonstrating that the prospective position is statutory eligible, pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(b). While Defendants assert in their Motion for Summary Judgment that no material issue remains, the failure to properly adjudicate Sunshine's Form I-129, based on the evidence provided in support of the position is a clear disputed issue and material to statutory eligibility. *Brown,* 391 Fed. Appx. 349-50. Failure to consider evidence in the administrative record may be reviewed by the Court in a declaratory action. 5 U.S.C. § 706(2)(E). In its decision, Defendant, USCIS, provides a detailed recitation of the relevant statutory and regulatory provisions relating to an H-1B nonimmigrant worker. *Id.* at 92-94. However, Sunshine asserts that it provided clear evidence demonstrating that the position qualified as a "specialty occupation" based on the specific requirements. Additionally, the regulations provide that Accounting positions are generally qualified specialty occupations. 8 C.F.R. § 214.2(h)(4)(ii). Therefore, Defendants' decision to deviate from its regulations and making an adverse eligibility finding for a position that is recognized by its own regulations to be qualified as a "specialty occupation" should be reviewed for error. The USCIS was not clear in its decision such that would provide Sunshine proper notice for the denial of its Form I-129

### 3) Defendants' Failure to Properly Review Mr. Ali's Form(s) I-539 Demonstrates Administrative Actions That Are Arbitrary, Capricious, and in Violation of Law.

Defendants denied Mr. Ali's Form I-539 requesting an extension of his nonimmigrant B2 status; however, failing to provide a reasonable basis for the decision. *See* Administrative Record of Proceedings (SRC 0412853848) at 31-2. In its decision Defendant, USCIS, provides a recitation of the relevant statutory language and lists documents provided with the Form I-539. *Id.* at 31. The USCIS provides, in vague language, two reasons for the denial. Initially, the USCIS provides a list of information that was not provided; however, does not provide any analysis applicable to the Form I-

539. Additionally, the decision cites Mrs. Ali's Form I-129 as evidence that she intends to work in the United States; however, fails to provide any authority that supports this determination.

Mr. Ali requested an extension of his nonimmigrant B2 status in the United States, and listed his family members in the Form I-539. *Id.* at 2-5. Mr. Ali provided evidence demonstrating his request to continue his temporary admission to the United States and his intent to depart. The statute and regulations fail to provide any specific documentation that is required with this type of filing; therefore, Mr. Ali submitted the best evidence available to him.

Defendant, USCIS, erred in its adjudication of the Form I-539 based on its failure to consider evidence in the administrative record, as required by regulations and its own policies. 8 C.F.R. § 103.2(b)(1); (b)(16). *See also USCIS Adjudicator's Field Manual* 10.3. *In* its decision, Defendant, USCIS, lists documents absent from the record of proceedings, rather than evaluate the evidence provided in support of the Form I-539; a deviation from the regulations and agency policy. While the USCIS may not have intended to approve the Form I-539, it is still required to exercise its administrative duties and adjudicate an immigration benefit based on the documentation available, rather than what is would rather have.

Additionally, the USCIS cites Sunshine's Form I-129 as evidence that Mr. Ali and his family failed to demonstrate intent to depart the United States. Defendants fail to provide any authority supporting this determination. The INA requires that foreign nationals in the United States maintain legal status. 8 U.S.C. § 1227(a)(1)(C). Therefore, the regulations authorize the filing of an application to change or extend status if additional time is required, pursuant to a nonimmigrant admission. 8 C.F.R. § 214.1(a). However, the statute and regulations does not prohibit the filing of concurrent petition(s) or application(s); therefore, a foreign national with an interest in changing their status, will simultaneously file a petition to extend their status to comply with the INA and its implementing regulations. Failure to file a request for extension could result in the foreign national falling out of status and being ineligible for certain immigration benefits. Therefore, common practice permits the simultaneous filing of these competing nonimmigrant benefits. Defendants' failure to adjudicate Mr. Ali's Form I-539, in light of

common agency practices demonstrates a deviation that is arbitrary, capricious and in violation of law. *Brown,* 391 Fed. Appx. 349-350.

## VI. Conclusion.

For the reasons stated herein, Defendants' Motion for Summary Judgment should be denied.

Dated: January 17, 2012

Respectfully submitted,
Sunshine Stores, Inc.
Mr. Ramzan Ali
Mrs. Munira R. Ali

/s/ George R. Willy
George R. Willy
*Attorney for the Plaintiffs*
George R. Willy, P.C.
1200 Soldiers Field, Ste 100
Sugarland, TX
TEL: (281) 265-2522
FAX: (281) 265-2544

## CERTIFICATE OF SERVICE

I, George R. Willy, hereby certify that on January 17, 2012, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I also certify that a copy of this document was served upon all opposing parties, or their attorneys of record, by electronic delivery on this 17th day of January, 2012.

/s/ *George R. Willy*
George R. Willy
Attorney for the Plaintiffs