UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNSHINE STORES, INC., <br> RAMZAN ALI, and <br> MUNIRA RAMZAN ALI, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC HOLDER, <br> U.S. ATTORNEY GENERAL, <br> et. al. <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 3:09-CV-1352-G |

REPLY TO PLAINTIFFS'S RESPONSE
TO DEFENDANTS'S MOTION FOR SUMMARY JUDGMENT

The Defendants file this reply to Plaintiffs's response to the Defendants's motion for summary judgment. This reply is not meant to respond to every argument made by the Plaintiffs. Defendants believe such a reply is unnecessary. The brief in support of Defendants's motion for summary judgment shows those arguments are unavailing. This reply speaks only to matters that the Defendants have not specifically addressed.

Plaintiffs admit to the court that decisions on the applications for benefits are in the discretion of USCIS. (Doc. 54 at 806-07.)[1] Yet, they argue that "Defendants fail to reference any decision that was issued in the discretionary authority of the USCIS." (*Id*.

---

[1] *See also* 8 U.S.C. § 1258; 8 C.F.R. § 214.1(c)(5).

Reply to Plaintiff's Response to Defendants's Motion for Summary Judgment - Page 1

at 807.) Defendants are at a loss to understand the point Plaintiffs tried to make with this argument. Every USCIS decision referenced in the brief in support of the motion for summary judgment was issued in their discretionary authority.

On page 10 of their response, the Alis contend that they were not prohibited from filing an I-539 saying they intended to return home in October while at the same time having an I-129 pending with Munira as the intended beneficiary. No legal support for the contention is given. Indeed, it does not exist. The Alis were in the United States on B-2 visitors visas. To obtain a B-2 visa, an alien must have "a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for . . . pleasure." 8 U.S.C. § 1101(a)(15)(B). Moreover, all nonimmigrants are presumed to have immigrant intent. 8 U.S.C. § 1184(b). They, therefore, must establish "to the satisfaction of the consular officer, at the time of application for a visa, and the immigration officers, at the time of application for admission, that they are entitled to nonimmigrant status under section 1101(a)(15)." *Id*. Because the visitor visa requires strict non-immigrant intent, to obtain an extension of a visa through an I-539, not only does a visitor have to show that he intends to return to his home country, he has to present enough evidence to overcome the presumption that he actually does not intend to go home. The Alis fail to show how they can overcome the presumption while a competing application exhibiting Munira's intent to stay and work in this country is pending before USCIS.

Plaintiffs argue that Defendants failed to provide authority for their position that the filing of the I-129 was evidence that theAlis failed to demonstrate their intent to leave the country. (Doc. 54 at 810.) The authority for that position is common sense. The Alis filed I-539 #1 in which they asked for an extension of their visitor status until October 10, 2004, because Munira was under a doctor's care. Their I-539 said they would leave the country in October and that they had no intent to work in this country. But the I-129 filed soon after the I-539 #1 *was a request to allow Munira to stay* in this country long past October *to work* for Sunshine. If Munira wanted to stay and work for three years, with a possible extension for another three years, as evidenced by the I-129, she showed that she did *not* intend to leave the country in October.

The Alis argue that USCIS approached the I-539 #1 from the wrong position. (*Id.*) Instead of evaluating the evidence put before it by the Alis, USCIS denied the I-539 #1 because it did not contain certain evidence. They argue that USCIS is supposed to evaluate applications based just on what the aliens choose to show the agency, no matter the quality of the evidence put before it, apparently. (*Id.*) Defendants rigorously disagree with that argument for a variety of reasons, but, even if it were valid, USCIS's denial still would be proper. The I-539 #1 stated that they wanted an extension because Munira was under a doctor's care and was not to travel for eight weeks. The doctor's letter was dated March 2, 2004. Yet, they didn't ask for an extension until April 27, 2004, the end of that eight-week period. They asked for an extension to October 10, 2004, a 30-week

extension from the date of the doctor's letter, a 26-week extension from the expiration date of their visas.  Furthermore, they provided no reason for the extra 24 weeks.  (An eight-week extension would not have been long enough for Sunshine to file the I-129, which was filed June 11, 2004.)

Plaintiffs point out that an incorrect citation was made on the decision to deny the I-539 #2 and argue that this error makes the decision to deny the I-539 #2 erroneous.  The decision cited to 8 C.F.R. § 214.2(*l*)(7)(ii), which applies to a different type of visa, not the H-4 that Ramzan was seeking.  (Appendix at 80/Doc. 49 at 695.)  The regulation that should have been cited is 8 C.F.R. § 214.2(h)(9)(iv).  The regulations are mirror images of each other.  They each say the same thing but reference different types of dependent visas.  The law applied to the decision on Ramzan's I-539 #2, therefore, was correct.  An error in form, not substance, was made.  Moreover, as the sentence following the cited regulation correctly states, the granting of the I-539 #2 was contingent upon the granting of the I-129.  The I-129 was not granted, and, therefore, the I-539 #2 could not have been granted.  The citation error had no effect on the validity of the decision that was made.

Most of the Plaintiffs's response contains arguments without specific reference to the statutes, regulations, or facts.  They contest the undisputed facts put forth by the Defendants, but they fail to show any alternate facts which demonstrate that the Defendants's are incorrect.  They dispute that the Defendants's actions were according to

the statutes and regulations but fail to show how any statute or regulation was not properly followed.

USCIS properly exercised its discretion when it denied the I-539 #1 based on the totality of the circumstances.  USCIS properly applied the statutes and regulations and properly exercised its discretion when it denied the I-129 and corresponding I-539 #2 because Sunshine failed to provide proper information to establish that the position for which it wished to hire Munira met the criteria of a specialty occupation.

## CONCLUSION

USCIS's actions have not been arbitrary or capricious.  There are no genuine disputes as to any material fact.  USCIS, therefore, is entitled to judgment as a matter of law.

    Respectfully submitted,

    SARAH R. SALDAÑA
    UNITED STATES ATTORNEY

    /s/   Angie L. Henson
    ANGIE L. HENSON
    Assistant United States Attorney
    TX SBN:  09492900
    1100 Commerce Street, Third Floor
    Dallas, Texas  75242
    Telephone:  214.659.8600
    Facsimile:  214.659.8807
    Email: angie.henson@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I also certify that a copy of this document was served upon all opposing parties, or their attorneys of record, by electronic delivery on this 7th day of February, 2012.

                                         /s/ *Angie L. Henson*
                                         Angie L. Henson
                                         Assistant U.S. Attorney